# EXHIBIT C



THE CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK, N.Y. 10007

EMERGENCY EXECUTIVE ORDER NO. 50
March 4, 2022

WHEREAS, the COVID-19 pandemic has severely impacted New York City and its economy, and is addressed effectively only by joint action of the City, State, and Federal governments; and

WHEREAS, the state of emergency to address the threat and impacts of COVID-19 in the City of New York first declared in Emergency Executive Order No. 98, issued on March 12, 2020, and extended most recently by Emergency Executive Order No. 46, issued on February 28, 2022, remains in effect; and

WHEREAS, this Order is given because of the propensity of the virus to spread person-to-person, and also because the actions taken to prevent such spread have led to property loss and damage; and

WHEREAS, the seven-day average of COVID-19 cases and number of COVID-19 hospitalizations have declined significantly since the peak of the surge driven by the Omicron variant and have steadily remained lower; and

WHEREAS, Governor Kathy Hochul announced an end of the State's mask requirement for schools and certain other indoor spaces based on analysis of key COVID-19 data trends; and

WHEREAS, on March 1, 2022, New York State Commissioner of Health Mary T. Bassett issued updated guidance removing the requirement for masking in schools, and on March 2, 2022, issued a determination eliminating the requirement to wear masks in indoor spaces other than in healthcare settings, certain adult care facilities, correctional facilities and detention centers, homeless and other shelters, and public transportation conveyances and transportation hubs; and

WHEREAS, the Key to NYC program, set forth in Emergency Executive Order No. 317 and extended most recently by Emergency Executive Order No. 49, has required patrons, employees, interns, volunteers and contractors of covered entities, including restaurants, indoor gyms, and event spaces, to provide proof of vaccination; and

WHEREAS, as of March 1, 2022, 96 percent of New York City adult residents and 86 percent of residents of all ages have received at least one dose of a COVID-19 vaccine; and

WHEREAS, in light of the significantly reduced incidence of COVID-19 in the City of New York, I am ending the Key to NYC program; and

WHEREAS, employers that have been subject to the Key to NYC requirements have been exempt from similar worker vaccination and record-keeping requirements set forth in the Order of the Commissioner of Health and Mental Hygiene, dated December 13, 2021 ("the COH Order"); and

WHEREAS, to continue treating in a similar manner workers who have been subject to the Key to NYC vaccination requirements and workers subject to the COH Order, and to avoid imposing new record-keeping requirements on employers that have until now been subject to the Key to NYC program, this Order requires covered entities to continue to require proof of vaccination from covered workers and to continue to keep the same records as they have been required to keep under the Key to NYC program;

NOW, THEREFORE, pursuant to the powers vested in me by the laws of the State of New York and the City of New York, including but not limited to the New York Executive Law, the New York City Charter and the Administrative Code of the City of New York, and the common law authority to protect the public in the event of an emergency:

Section 1. I hereby direct that section 2 of Emergency Executive Order No. 46, dated February 28, 2022, is extended for five (5) days.

§ 2. a. I hereby direct that section 1 of Emergency Executive Order No. 49, regarding the "Key to NYC" program, dated February 28, 2022, is extended for two (2) days, and shall expire at 12:01 am on March 7, 2022.

b. The expiration of the Key to NYC program does not prevent any entity from requiring proof of vaccination from a patron, nor does it prevent any entity from establishing another COVID-19 prevention measure, such as requiring a patron to wear a mask. Entities must provide accommodations relating to such requirements for patrons who have a disability, where required by law. The City Commission on Human Rights shall continue to provide guidance to assist covered entities in applying such requirements in an equitable manner consistent with applicable provisions of the New York City Human Rights Law.

§ 3. I hereby direct that:

a. Covered entities that had been covered by the Key to NYC program shall continue to require that a covered worker provide proof of vaccination, unless such worker has received a reasonable accommodation. Covered entities shall continue to keep a written record of their protocol for checking covered workers' proof of vaccination and to maintain records of such workers' proof of vaccination, as described in subdivisions d and e of section 2 of Emergency Executive Order No. 317, dated December 15, 2021.

b. Records created or maintained pursuant to subdivision a of this section shall be treated as confidential.

c. A covered entity shall, upon request by a City agency, make available for inspection the records required to be maintained by this section, consistent with applicable law.

d. For the purposes of this Section:

(1) "Covered entity" means any entity that operates one or more "covered premises," except that "covered entity" does not include pre-kindergarten through grade twelve (12) public and non-public schools and programs, houses of worship, childcare programs, senior centers, community centers.

(2) "Covered premises" means any of the following locations, except as provided in subparagraph (iv) of this paragraph:

**(i) Indoor Entertainment and Recreational Settings, and Certain Event and Meeting Spaces**, including indoor portions of the following locations, regardless of the activity at such locations: movie theaters, music or concert venues, adult entertainment, casinos, botanical gardens, commercial event and party venues, museums, aquariums, zoos, professional sports arenas and indoor stadiums, convention centers and exhibition halls, hotel meeting and event spaces, performing arts theaters, bowling alleys, arcades, indoor play areas, pool and billiard halls, and other recreational game centers;

**(ii) Indoor Food Services**, including indoor portions of food service establishments offering food and drink, including all indoor dining areas of food service establishments that receive letter grades as described in section 81.51 of the Health Code; businesses operating indoor seating areas of food courts; catering food service establishments that provide food indoors on its premises; and any indoor portions of an establishment that is regulated by the New York State Department of Agriculture and Markets offering food for on-premises indoor consumption; and

**(iii) Indoor Gyms and Fitness Settings**, including indoor portions of standalone and hotel gyms and fitness centers, gyms and fitness centers in higher education institutions, yoga/Pilates/barre/dance studios, boxing/kickboxing gyms, fitness boot camps, indoor pools, CrossFit or other plyometric boxes, and other facilities used for conducting group fitness classes.

(iv) "Covered premises" does not include houses of worship or locations in a residential or office building the use of which is limited to residents, owners, or tenants of that building.

(3) "Covered worker" means an individual who works in-person in the presence of another worker or a member of the public at a workplace in New York City. "Covered worker" includes a full- or part-time staff member, employer, employee, intern, volunteer, or contractor of a covered entity, as well as a self-employed individual or a sole practitioner. It also includes a professional

3

athlete of a team based in New York City and a performing artist who is regularly employed by a covered entity.

"Covered worker" does not include:

(i) an individual who works from their own home and whose employment does not involve interacting in-person with co-workers or members of the public;

(ii) an individual who enters the workplace for a quick and limited purpose;

(iii) a non-resident performing artist not regularly employed by a covered entity, or an individual accompanying such performing artist, while the performing artist is in a covered premises for the purposes of such artist's performance; or

(iv) a non-resident professional athlete who is employed by a sports team that is not based in New York City, or an individual accompanying such professional athlete or team, who enters a covered premises as part of their regular employment for purposes of the professional athlete/sports competition.

(4) "Proof of vaccination" means proof of receipt of a full regimen of a COVID-19 vaccine authorized for emergency use or licensed for use by the U.S. Food and Drug Administration or authorized for emergency use by the World Health Organization, not including any additional recommended booster doses. Such proof may be established by:

(i) A CDC COVID-19 Vaccination Record Card or an official immunization record from the jurisdiction, state, or country where the vaccine was administered, or a digital or physical photo of such a card or record, reflecting the person's name, vaccine brand, and date administered; or

(ii) A New York City COVID Safe App (available to download on Apple and Android smartphone devices); or

(iii) A New York State Excelsior Pass; or

(iv) CLEAR's digital vaccine card; or

(v) Any other method specified by the Commissioner of Health and Mental Hygiene as sufficient to demonstrate proof of vaccination.

(5) I hereby order that section 20-1271 of the Administrative Code of the City of New York is modified by adding the following provision to the definition of "just cause:" Notwithstanding any provision of this chapter, a fast food employer shall be deemed to have just cause when a fast food employee has failed to provide proof of vaccination required by an emergency executive order issued in response to the COVID-19 pandemic and shall not be required to follow progressive discipline procedures prior to terminating the employee, provided that the employee shall have 30 days from the date when the employer notified the employee of

4

the requirement to submit such proof and the employee shall be placed on leave following such notification until such proof is provided. This provision shall not excuse the employer from the responsibility to provide a reasonable accommodation where required by law.

§ 4. I hereby direct the Fire and Police Departments, the Department of Buildings, the Sheriff, and other agencies as needed, to enforce the directives set forth in this Order in accordance with their lawful authorities, including Administrative Code sections 15-227(a), 28-105.10.1, and 28-201.1, and section 107.6 of the Fire Code. Violations of the directives set forth in this Order may be issued as if they were violations under Health Code sections 3.07 and 3.11, and enforced by the Department of Health and Mental Hygiene or any other agency.

§ 5. This Emergency Executive Order shall take effect immediately and shall remain in effect for five (5) days unless it is terminated or modified at an earlier date.

*[Signature: Eric Adams]*

Eric Adams
Mayor