UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Case No.:

MATTHEW RIVERA, THOMAS BALSANELLO,          1:22-cv-616 (PKC)(PK)
ANGELO BONCORAGLIO, DAVID CARASQUILLO,
CLEIDY M. CONNORS, JASON CREA, BRIAN CRUZ,
JOSE DOMINGUEZ, PETER EGAN, MICHAEL FANIZZI,
JAMES FORTE, MAURICE FOSTER, JOHN GREEN,
CHRISTOPHER HUBER, MARIUSZ KRAWIEC,
FRANCIS KURTZ, MICHAEL KWAK, TROY
LECARREAUX, TRACY LOMBARDO, LILIANA
MALKOVICH, PAUL MANSFIELD, RICHARD MATOS,
CHRISTOPHER MCCORMICK, ABNER MERCADO,
DENISE MOLINA, GERARDO NATALE, AJMAL NIAZ,
KEITH OBERLE, ROSA  PERALTA, EMMANUEL
PEREZ, ARTHUR PICHARDO, BOBBY PIERRE-LOUIS,
JASON RAMOS, JAMES RILEY, DANNY SANTACRUZ,
PATRICK SHEEHAN, CHRISTOPHER SIMEONE,
KEITH SMALL, GWENDOLYN SNAGG, QUENTIN
SNAGG, JOSEPH VILLANI, TIMOTHY WILSON, each
Individually, and for all others similarly situated,


                                    Plaintiff(s),

        -against-


THE CITY OF NEW YORK, ERIC L. ADAMS,
MAYOR OF NEW YORK CITY IN HIS OFFICIAL
CAPACITY, NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, DAVE A.
CHOKSHI, COMMISIONER OF THE NYC
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE IN HIS OFFICIAL CAPACITY,

                                    Defendant(s).

-----------------------------------------------------------------------X


-------------------------------------------------------------------------------------------------------------
**MEMORANDUM OF LAW IN OPPOSITION**
-------------------------------------------------------------------------------------------------------------

Law Firm of Vaughn, Weber & Prakope, PLLC
John A. Weber IV, Esq.
Timothy B. Prakope, Esq.

# Table of Contents

PRELIMINARY STATEMENT ...................................................................................7

STANDARD OF REVIEW ......................................................................................8

LEGAL ARGUMENTS..........................................................................................8

   POINT I..........................................................................................................8

      PLAINTIFFS HAVE STANDING ....................................................................8

   POINT II .......................................................................................................10

      THIS CASE IS NOT MOOT AND FALLS WITHIN THE EXCEPTIONS TO
      MOOTNESS AS THE DEFENDANTS' CONDUCT IS CAPABLE OF
      REPETITION BUT EVADING REVIEW.........................................................10

   POINT III ......................................................................................................13

      THE SUNSETTING OF ONLY CERTAIN PROVISIONS OF THE NYC MANDATE IS
      ARBITARY AND CAPRICIOUS ...................................................................13

   POINT IV ......................................................................................................16

      PLAINTIFFS ADEQUATELY STATE CAUSES OF ACTION FOR CONSTITUTIONAL
      VIOLATIONS .........................................................................................16

      A.   THE NYC MANDATE VIOLATES THE EIGHTH AMENDMENT OF THE
          U.S. CONSTITUTION .......................................................................16

          I.   THE EIGHTH AMENDMENT APPLIES TO CIVIL MATTERS AS
              WELL AS CRIMINAL MATTERS.........................................................16

          II.   THE PENALTY PROVISION OF THE NYC MANDATE IMPOSED
              BY DEFENDANTS IS VIOLATIVE OF THE EXCESSIVE FINES
              CLAUSE OF THE EIGHTH AMENDMENT OF THE U.S.
              CONSTITUTION ...........................................................................17

          III.   THE NYC MANDATE UTILIZES "FINES, PENALTIES AND
              FORFEITURES" AS A PUNISHMENT FOR UNVACCINATED
              PERSONS AND THEIR EMPLOYERS THAT EMPLOY THEM ...............19

          IV.   THE NYC MANDATE VIOLATES THE EIGHTH AMENDMENT
              BECAUSE IT IS CRUEL AND UNUSUAL .............................................19

      B.   THE NYC MANDATE IS A DUE PROCESS VIOLATION UNDER THE
          FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION .........................20

      C.   THE NYC MANDATE PENALTY PROVISION VIOLATES THE EQUAL

Protection Clause of the Fourteenth Amendment of the U.S. Constitution ................................................................................23

D.    Defendants Overreached Their Authority and Violated the Separation of Powers ................................................................25

E.    This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's NYS Constitutional Violations Claims...............26

## Table of Authorities

Cases

Ala. Ass'n of Realtors v. HHS, 141 S. Ct. 2485 (2021)................................................. 11

Alexander v. United States, 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993)................. 17

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).................................. 7

Austin v. United States, 509 U.S. 602, 113 S. Ct. 2801, 125 L. Ed. 2d 488 (1993).............. 15, 17

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ................. 7

Biden v. Missouri, 142 S. Ct. 647 (2022) ...................................................................... 11

Browning-Ferris Indus. of Vermont, Inc. v Kelco Disposal, Inc., 492 US 257, 109 S Ct 2909, 106 L Ed 2d 219 [1989]........................................................................................... 15, 18

Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985) ....................................... 21

Connecticut Assn. of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 508 A.2d 743 (1986)............................................................................................................. 8

Deletto v Adams, 2022 N.Y. Slip Op. 33129[U], 2 [N.Y. Sup Ct, New York County 2022]...... 13

Dep't of Com. v. New York, 204 L. Ed. 2d 978, 139 S. Ct. 2551 (2019).................................... 13

Estelle v Gamble, 429 US 97, 97 S Ct 285, 50 L Ed 2d 251 [1976] ........................................... 19

Fraternal Order of Police, et. al. v. District of Columbia, et. al., Superior Ct. (Judge Maurice A. Ross, 2022) ..................................................................................................... 10

Garcia v. NY City Dept. of Health & Mental Hygiene, 31 NY3d 601 [2018] ............................ 24

Garvey v City of New York, 2022 NY Slip Op 22335, 7 [Sup Ct Oct. 24, 2022] ............. 9, 14, 23

Gay & Lesbian L. Students Ass'n at Univ. of Connecticut Sch. of L. v. Bd. of Trustees, Univ. of Connecticut, 236 Conn. 453, 673 A.2d 484 (1996)...................................................... 8

Gillis v. Litscher, 468 F.3d 488 (7th Cir. 2006) ...................................................... 19

Greater New York Taxi Ass'n v. NYC Taxi and Limousine Comm'n., 25 NY3d 600 [2015] ..... 24

Hutto v. Finney, 437 U.S. 678, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978)................................... 19

Jackson v Bishop, 404 F2d 571 [8th Cir 1968] .......................................................... 19

Kaluczky v. City of White Plains, 37 F.3d 202 (2d Cir. 1995) .................................... 21

Lincoln v Vigil, 508 US 182, 113 S Ct 2024, 124 L Ed 2d 101 [1993] ...................................... 13

Lujan v. Defs. of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) .............. 7, 8

Maloney v. Pac, 439 A.2d 349 ................................................................................................ 8

Matter of Acevedo v. NYS Dept. of Motor Vehs., 132 AD3d 112, [3d Dept. 2015].................. 24

Matter of G & C Transp., Inc. v McGrane, 97 AD3d 817 [2d Dept 2012] .................................. 21

Matter of NYC CLASH, Inc. v. New York State Off. Of Parks, Recreation, and Historic
    Preserv., 27 NY3d 178 [2016].......................................................................................... 24

Matthews v. Eldridge, 424 U.S. 319 (1976) ......................................................................... 19, 20

MCP No. 165 v. Dep't of Labor, 20 F.4th 264 (6th Cir. 2021) ................................................... 11

Morgenthau v. Citisource, Inc., 68 N.Y.2d 211, 508 N.Y.S.2d 152 (1986) ............................... 20

N.Y.S. Nat'l Ord. for Women v. Pataki, 261 F.3d 156 (2d Cir. 2001)......................................... 21

Nat. Fed. Of Indep. Bus. v. Dep't of Labor, Occupational Safety & Health Admin, 142 S. Ct.
    661,(2022).......................................................................................................................... 11

Neary v. Gruenberg, 730 F. App'x 7, 9 (2d Cir. 2018) ........................................................... 7

Nicholas v. Tucker, 114 F3d 17 [2d Cir. 1997] ...................................................................... 22

Nnebe v. Daus, 184 F. Supp. 3d 54 (S.D.N.Y. 2016)........................................................... 21, 22

Pabon v. Wright, 459 F.3d 241 (2d Cir. 2006) ...................................................................... 21

Pell v Bd. of Ed. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck,
    Westchester County, 34 NY2d 222 [1974] .......................................................................... 13

People v. Liberta, 64 NY2d 152 [1984]................................................................................ 23

Reale v. Lamont, No. 20 cv 3707, 2022 WL 175489, (2d Cir. Jan. 20, 2022) .......................... 10

Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) ........................... 19

United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943)............ 16

United States v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028 (1998) ...................................... 17, 18

United States v. Emerson, 107 F.3d 77 (1st Cir.1997) .............................................................. 17

United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)...................... 15

United States v. Mackby, 243 F.3d 1159 (9th Cir.2001)........................................................... 17

United States v. Sanchez-Gomez, 138 S.Ct. 1532 (2012) ........................................... 10

Van Wie v. Pataki, 267 F.3d 109 (2d Cir. 2001) ...................................................... 10

Ward v City of Long Beach, 20 NY3d 1042, 962 NYS2d 587 [2013]......................................... 13

Weems v United States, 217 US 349, 30 S Ct 544, 54 L Ed 793 [1910] .................................... 19

Statutes

28 U.S.C. §1367.................................................................................. 25

5 U.S.C. § 706(2)(A)............................................................................. 13

Executive Order 316 ............................................................................. 10

Executive Order 317 ......................................................................... 6, 10, 12

Fed. R. Civ. P. 12(b)(6)........................................................................ 6, 7

N.Y. Const. Art. 1, § 6 ......................................................................... 21

NY Constitution Article 1, § 11 ................................................................. 22

NY Constitution Article I, § 7................................................................... 23

NYC Health Code § 3.11 ...................................................................... 17, 20

NYC Health Code § 3.11(e)....................................................................... 17

NYC Health Code § 3.12 ......................................................................... 20

U.S. Const. Amend. VIII ........................................................................ 15

U.S. Const. Amend. XIV ......................................................................... 21

Plaintiffs by their attorneys, the Law Firm of Vaughn, Weber & Prakope, PLLC, submit this memorandum of law in opposition to defendants' motion to dismiss the amended complaint ("Am. Compl.") pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

1.       Since the commencement of this action, New York City Mayor Eric Adams ("Mayor") announced that the Key to NYC Program known as New York City Emergency Executive Order 317 ("EEO 317") will expire on November 1, 2022.  The related Department of Health and Mental Hygiene ("DOHMH") Order dated December 13, 2021 ("DOHMH Order") will also expire on November 1, 2022.   Members of the Plaintiffs class have lost their employment and suffered significant monetary damages for failure to comply with the NYC Mandate since this action began. Members of the Plaintiffs class have had their U.S. Constitutional rights violated as they were treated unequally in the eyes of the law and subjected to cruel and unusual punishment. Furthermore, even though the NYC Mandate has been scheduled to expire as of November 1, 2022, there is a strong capability of repetition for the Defendants to issue a similar mandate for the COVID-19 "vaccine" and there is a strong capability that it will evade review by withdrawing or sunsetting similar Orders prior to judicial review.

2.       It should not be lost on this Court that the public policy and view regarding the vaccine has shifted, and the accountability of public officials for their heavy-handed response is being called into question.  Calls for amnesty for politicians and persons who forced COVID-19 infected persons into nursing homes killing thousands of our elderly, for overbearing business ending lockdowns, for "vaccine" mandates upon those with natural immunity, religious or medical objections, and those who simply questioned the science are now being discussed. https://www.theatlantic.com/ideas/archive/2022/10/covid-response-forgiveness/671879/.

<u>**STANDARD OF REVIEW**</u>

3.     When Defendant moves pursuant to Fed. R. Civ. Pr. 12(b)(6) and as such, the Court must look to the Pleadings and take them as fact and liberally construed.  "To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); <u>accord Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although we assume that all factual allegations in the complaint are true, this "tenet ... is inapplicable to legal conclusions." <u>Id</u>. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged <u>Id</u>. at 678." <u>Neary v. Gruenberg</u>, 730 F. App'x 7, 9 (2d Cir. 2018), <u>as amended</u> (Apr. 5, 2018).

4.     As this action seeks to join members of the class governed by the NYC Mandate, standing is established by those residents and/or visitors forced to receive the vaccine, those who made healthcare decisions under duress to avoid unconstitutionally ordered penalties, those who were denied their religious exemption (or other exemption), those who lost their jobs and those who suffered economic harm as a result of the NYC Mandate.  Plaintiffs' Am. Compl. establishes that harm and must be accepted as fact and liberally construed.

<u>**LEGAL ARGUMENTS**</u>

<u>**POINT I**</u>

<u>**PLAINTIFFS HAVE STANDING**</u>

5.     As the United States Supreme Court held, standing is established by, among other means, a showing of an "imminent invasion of a legally protected interest" <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992).  Here, the deprivation of liberty, in forcing healthcare decisions under duress to avoid unconstitutionally ordered

penalties, those who were denied their Constitutional rights, those who lost their jobs and those who suffered the economic loss in refusing the NYC Mandate, is an invasion of a legally protected interests.

6.     Furthermore, the 2nd Circuit held that standing is established, "Where the nexus between the injury and the claim sought to be adjudicated is obvious and direct, a plaintiff has standing to maintain the claim." Maloney v. Pac, supra, [at] 322 [439 A.2d 349]." (Internal quotation marks omitted.) Connecticut Assn. of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 612–13, 508 A.2d 743 (1986).   Gay & Lesbian L. Students Ass'n at Univ. of Connecticut Sch. of L. v. Bd. of Trustees, Univ. of Connecticut, 236 Conn. 453, 464, 673 A.2d 484, 490 (1996).

7.     "[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders Of Wildlife, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc., 578 U.S. at 338 (citing Lujan, 504 U.S. at 560-561).

8.     Multiple Plaintiffs have suffered injuries-in-fact. Specifically plead in the Plaintiff's Am. Compl. ¶196 -204 outline three Plaintiffs (Jose Dominquez, Keith Small and Troy Lecarreaux) that suffered injuries-in-fact (lost their jobs and income) as a result of the Defendant's NYC Mandate. It should be noted that the Am. Compl. was Verified by the three Plaintiff's above. Additionally, since this Am. Compl. was filed, several more of the named Plaintiffs as well as others in the proposed class who have contacted our office seeking to join the lawsuit have also suffered injuries-in-fact by losing their employment. The harms that the Plaintiffs are suffering herein are not speculative, nor "imminent." They are not mere possibilities. Plaintiffs have suffered actual losses of income, losses of benefits, losses of

advancement opportunities, losses of retirement credits, violations of U.S. Constitutional rights, among other damages. Plaintiffs Am. Compl., therefore, satisfies the first element of standing.

9.      The second element required for standing is self-explanatory and outlined with specificity in the Am. Compl. But for the NYC Mandate, Plaintiffs would not have suffered injury. Therefore, the second element is also satisfied.

10.      Should this Court strike down the NYC Mandate as unconstitutional, the Plaintiffs would have remedies to seek compensation for the damages that the Defendant's caused through multiple other means such as further litigation or arbitration pursuant to their employment contracts. The third element is satisfied and the Plaintiffs have standing.

11.      The Plaintiffs suffer an injury-in-fact as the NYC Mandate violates their Constitutional Rights including the Eighth Amendment and Fourteenth Amendment to the U.S. Constitution. As recently ruled on in Garvey v City of New York, 2022 NY Slip Op 22335, 7 [Sup Ct Oct. 24, 2022], the NYC Mandate (and mandates similar in nature), the Defendants Orders also violated NYS Constitution.

12.      Specifically, the Court ruled:

"This Court finds that based upon the analysis above, the Commissioner's Order of October 20, 2021, violated the Petitioners' equal protection rights as the mandate is arbitrary and capricious. The City employees were treated entirely differently from private sector employees, and both City employees and private sector employees were treated entirely differently from athletes, artists, and performers. All unvaccinated people, living or working in the City of New York are similarly situated. Granting exemptions for certain classes and selectively lifting of vaccination orders, while maintaining others, is simply the definition of disparate treatment. Furthermore, selective enforcement of these orders is also disparate treatment." Garvey v City of New York, 2022 NY Slip Op 22335, 7-8 [Sup Ct Oct. 24, 2022]

## POINT II

### THIS CASE IS NOT MOOT AND FALLS WITHIN THE EXCEPTIONS TO MOOTNESS AS THE DEFENDANTS' CONDUCT IS CAPABLE OF REPETITION BUT EVADING REVIEW

13.      An otherwise moot case will not be dismissed if the dispute is "capable of

repetition, yet evading review." <u>Van Wie v. Pataki</u>, 267 F.3d 109, 113 (2d Cir. 2001) (internal

quotation marks omitted). "A dispute qualifies for that exception only if (1) the challenged action

is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is

a reasonable expectation that the same complaining party will be subjected to the same action

again." <u>Reale v. Lamont</u>, No. 20 cv 3707, 2022 WL 175489, at *1 (2d Cir. Jan. 20, 2022)

(summary order) *20 (quoting and citing <u>United States v. Sanchez-Gomez</u>, 138 S.Ct. 1532, 1540

(2012)).

14.     On March 17, 2020, a state of emergency was declared in response to the

COVID-19 pandemic. That "emergency" lasted over two years, during which, a number of

irreversible violations of New Yorkers civil rights occurred. The "emergency" was declared over

in September of 2022 and lasted over 2 ½ years.

15.     Plaintiff's grievances in this action stem from the Mayor and DOHMH

Commissioner circumventing legislative process by declaring an "emergency" long after any

reasonable interpretation of the time frame associated with an emergency could be inferred and

by that self-granted authority, issued orders that damaged Plaintiffs.

16.     Since the Mayor overstepped his Constitutional Authority in issuing EEO 316 and

317, and the DOHMH Commissioner overreached in issuing the DOHMH Order causing the

Plaintiffs' damages in the instant fact pattern, there is nothing preventing the Defendants from

issuing another order immediately after this action would be dismissed as moot.

17.     Just as in the <u>Fraternal Order of Police, et. al. v. District of Columbia, et. al.</u>,

Superior Ct. (Judge Maurice A. Ross, 2022) where the Court struck down the vaccine mandate

because the D.C. mayor was not authorized to issue a vaccine mandate via emergency executive

order, this Court should hold that Mayor did not have authority to issue the instant mandate.  In

his reasoning, Judge Ross held that,

> "A vaccine mandate is not an everyday exercise of power. Nat. Fed. Of Indep. Bus. v. Dep't of Labor, Occupational Safety & Health Admin, 142 S. Ct. 661, 665 (2022) ("NFIB") (citing MCP No. 165 v. Dep't of Labor, 20 F.4th 264, 272 (6th Cir. 2021) (Sutton, C. J., dissenting)). It is instead a significant encroachment into the life—and health—of an employee. NFIB, 142 S. Ct. at 665. It is strikingly unlike other workplace regulations typically imposed, as it "cannot be undone at the end of the workday." NFIB, 142 S. Ct. at 665 (citing MCP No, 165, 20 F. 4th at 274 (Sutton, C. J., dissenting)). Thus, there is an expectation that a vaccine mandate must come from a legislative body. See Biden v. Missouri, 142 S. Ct. 647, 652 (2022) (the Secretary's imposition of a vaccine mandate fell within the authority Congress had conferred upon him); see also Ala. Ass'n of Realtors v. HHS, 141 S. Ct. 2485, 2489 (2021) ("We expect Congress to speak clearly when authorizing an agency to exercise powers of vast economic and political significance."); Jacobson, 197 U.S. at 25 ("According to settled principles the police power of a State must be held to embrace, at least, such reasonable regulations established directly by legislative enactment as will protect the public health and the public safety.")."

18.    There have been no changes publicly discussed as to what constitutes an emergency and/or when an Emergency Executive Order can be used to circumvent legislative action that would prevent repeated violations and Plaintiffs should not be made to suffer repeated abuses of power by Defendants.

19.    Every level of the Executive branch of the federal and state governments, including New York State and New York City governments, are discussing declaring new "public health emergencies" and extending old "public health emergencies" and are in essence, governing by emergency decree. This is not mere speculation that the executive branch is considering further vaccine mandates to address COVID-19, Monkeypox, Polio, or other viruses. Mayor Adams recently declared a state of emergency for Monkeypox[1]. Governor Hochul announced further action to address Polio[2]. The Biden administration is expected to extend the

---

[1] https://www.nyc.gov/office-of-the-mayor/news/557-22/mayor-adams-declares-monkeypox-state-emergency-new-york-city
[2] https://www.governor.ny.gov/news/governor-hochul-announces-further-action-address-polio-and-increase-support-county-health

COVID public health emergency[3]. It is beyond mere speculation to state that the executive branch, including the Defendants herein, intend to issue identical or similar mandates that would negatively affect the Plaintiffs herein again in the future.

<u>**POINT III**</u>

<u>**THE SUNSETTING OF ONLY CERTAIN PROVISIONS OF THE NYC MANDATE IS ARBITRARY AND CAPRICIOUS**</u>

20.     Defendants are correct that <u>portions</u> the NYC Mandate sunset on November 1, 2022. However, such provisions only strengthen Plaintiffs' positions. There is no reasoning or basis for the expiration of certain emergency provisions while maintaining others. Either there is an emergency or there isn't.

21.     To continue some provisions, but not others, and without explanation, is arbitrary and capricious. It is disingenuous to even argue otherwise. It also sheds light on the fact that the policies and orders being discussed herein are not being implemented in response to an emergency.

22.     EEO 317 and DOHMH Order are inconsistent and treat certain citizens differently than arbitrarily selected citizens such as athletes. Additionally, members of the public were exempt from the vaccine requirement at sporting events, but the employees were required to be vaccinated.

23.     Plaintiffs contend that not only is the NYC Mandate "legislative action" disguised as an Executive Order but the provisions and deciding rationale therein are "arbitrary and capricious" in not only its text but also its enforcement. See the arguments for violations of the Equal Protection Clause infra.

24.     A federal review under such action falls under the Administrative Procedure Act. The APA instructs reviewing courts to set aside agency action that is "arbitrary, capricious, an

---

[3] https://longisland.news12.com/us-expected-to-extend-covid-19-public-health-emergency

abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), but it makes review unavailable "to the extent that" the agency action is "committed to agency discretion by law," § 701(a)(2). The Census Act confers broad authority on the Secretary, but it does not leave his discretion unbounded. The § 701(a)(2) exception is generally limited to "certain categories of administrative decisions that courts traditionally have regarded as 'committed to agency discretion,'" Lincoln v Vigil, 508 US 182, 113 S Ct 2024, 2026, 124 L Ed 2d 101 [1993]  Dep't of Com. v. New York, 204 L. Ed. 2d 978, 139 S. Ct. 2551, 2556 (2019).

25.    In the State's, "sister equivalent" to the APA, an article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (Ward v City of Long Beach, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (id.). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (id.). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (Pell v Bd. of Ed. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d 222 [1974]).  Deletto v Adams, 2022 N.Y. Slip Op. 33129[U], 2 [N.Y. Sup Ct, New York County 2022].

26.    Here, not only does the text and reasoning behind the NYC Mandate warrant further scrutiny, but the decision to continue some provisions, while allowing others to sunset without explanation, raises a question as to the facts behind the Defendants' decision.

27.    Taking the Plaintiffs' Am. Compl. as fact, further discovery and/or documentary evidence by the Defendants must be set forth in order for this matter to be properly decided.

28.     The Defendants' argument that the NYC Mandate allows for exemptions, and thus should avoid the judicial scrutiny set forth in Plaintiffs' Am. Compl. has already been denied.

29.     Furthermore, the changing nature of the NYC Mandate at the whims of the Defendants have led other Courts to determine that the NYC Mandate is arbitrary and capricious.

30.     More specifically, the Supreme Court, State of New York held,

"There was no reason why the City of New York could not continue with a vaccinate or test policy, like the Mayor's Executive Order that was issued in August 2021. The Court finds that in light of the foregoing, the vaccination mandates for public employees and private employees is arbitrary and capricious. There was nothing demonstrated in the record as to why there was a vaccination mandate issued for only public employees in October 2021. This Court notes that Covid-19 rates were averaging under 1,500 per day in October 2021, significantly lower than today's average Covid-19 rates. There was nothing demonstrated in the record as to why the private sector mandate was issued months later in December 2021. There was nothing demonstrated in the record as to why exemptions were issued for certain professions in March 2022 under Executive Order No. 62. There was nothing demonstrated in the record as to why employees were kept at full duty during the months-long pendency of their exemption appeals. There was nothing demonstrated in the record as to why a titer was not an acceptable alternative to vaccination, other than a single CDC study entitled "New CDC Study: Vaccination Offers Higher Protection than Previous Covid-19 Infection" which was issued on August 6, 2021." Garvey v City of New York, 2022 NY Slip Op 22335, 7 [Sup Ct Oct. 24, 2022]

31.     The legal analysis in *Garvey* is directly on point with this action in that several of the arguments made and adjudicated are identical.  The Am. Compl. sets forth a multi-pronged NYS Law procedural due process violation argument (*see* Am. Compl.*, ¶¶'s "249" – "257"*) articulating the Defendants' transgressions with respect to non-legislative changes to the OATH Hearing process and the penalty provisions contained in the NYC Codes.

## POINT IV

### PLAINTIFFS ADEQUATELY STATE CAUSES OF ACTION FOR CONSTITUTIONAL VIOLATIONS

#### A. THE NYC MANDATE VIOLATES THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION

##### i. THE EIGHTH AMENDMENT APPLIES TO CIVIL MATTERS AS WELL AS CRIMINAL MATTERS

32.     The basic foundation of our democratically elected government is "checks and balances" which allow each, equal branch to wield exclusive powers while the remaining branches of government ensure that such powers are not wielded in excess.

33.     The Eight Amendment sets forth that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. Amend. VIII.  For reasons elaborated hereinbelow, the applicability of the Excessive Fines Clause does not hinge on whether the governmental penalty imposed is criminal or civil but whether it is a punishment that is excessive in nature.  In Austin v. United States, 509 U.S. 602, 610, 113 S. Ct. 2801, 2806, 125 L. Ed. 2d 488 (1993), the Court held that

34.     "The purpose of the Eighth Amendment, putting the Bail Clause to one side, was to limit the government's power to punish. See Browning-Ferris Indus. of Vermont, Inc. v Kelco Disposal, Inc., 492 US 257, 257, 109 S Ct 2909, 2911, 106 L Ed 2d 219 [1989] The Cruel and Unusual Punishments Clause is self-evidently concerned with punishment. The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, "as *punishment* or some offense." Id., at 265, 109 S.Ct., at 2915 (emphasis added). "The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law." United States v. Halper, 490 U.S. 435, 447–448, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989). "It is commonly understood that civil proceedings may advance punitive as well as remedial goals, and, conversely, that both punitive and remedial goals may be served by

criminal penalties." Id., at 447, 109 S.Ct., at 1901. See also United States ex rel. Marcus v. Hess,

317 U.S. 537, 554, 63 S.Ct. 379, 389, 87 L.Ed. 443 (1943) (Frankfurter, J., concurring).

35.    Contrary to Defendants assertion, the cruel and unusual punishment clause of the

Eighth Amendment applies to both civil and criminal penalties.

ii. **THE PENALTY PROVISION OF THE NYC MANDATE IMPOSED BY DEFENDANTS IS VIOLATIVE OF THE EXCESSIVE FINES CLAUSE OF THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION**

36.    The fines threatened by the NYC Mandate are unprecedented and clearly

"Excessive Fines."

37.    NYC Mandate §2(k)(1) sets forth that,

"I hereby direct that any person or entity who is determined to have violated the requirements of the Key to NYC program shall be subject to a fine, penalty and forfeiture of not less than $1,000.  If the person or entity is determined to have committed a subsequent violation of this section within twelve months of the initial violation for which a penalty was assessed, such person or entity shall be subject to a fine, penalty and forfeiture of not less than $2,000.  For every violation thereafter, such person or entity shall be subject to a fine, penalty and forfeiture of not less than $5,000 if the person or entity committed the violation within twelve months of the violation for which the second penalty was assessed.  This section may be enforced pursuant to sections 3.05, 3.07, or 3.11 of the Health Code and sections 558 and 562 of the Charter."

38.    The event that triggers the fine is set forth in §2(b), which provides in pertinent

part that, "…a covered entity shall not permit a patron, full- or part-time employee, intern,

volunteer, or contractor to enter a covered premises without displaying proof of vaccination and

identification bearing the same identifying information as the proof of vaccination."

39.    An employer and employee will be subject to the fines, penalties and forfeitures

prescribed by §2(k)(1) for each instance an unvaccinated employee enters the workplace.  For a

company like ConEd, with thousands of employees, the fines would be astronomical and likely

put the company out of business.

40.    The Excessive Fines Clause was intended to protect individuals from abusive,

unreasonably oppressive penalties imposed by government as punishment. See United States v.

Emerson, 107 F.3d 77, 80 (1st Cir.1997). A fine is considered constitutionally excessive if (1) it constitutes payment to the government for an offense; and (2) the amount of the payment is "grossly disproportionate" to the gravity of the offense. United States v. Mackby, 243 F.3d 1159, 1167 (9th Cir.2001), citing United States v. Bajakajian, 524 U.S. 321, 327–28, 118 S.Ct. 2028 (1998).

41.     The pertinent enforcement provision of the NYC Mandate vests in §3.11 of the New York City Health Code.

42.     The NYC Mandate penalty provision is in direct contradiction and violation of §3.11.  Specifically, the amount of the fines in the NYC mandate exceeds the codified penalty limits and amounts.

43.     Even in the most extreme of scenarios, where a person's actions/violation(s) directly lead to serious physical harm, such a penalty cannot exceed $10,000.00.  See §3.11(e).

44.     The NYC Mandate ignores and unilaterally modifies/supersedes codified provisions, legislatively enacted, through an Executive Order which fails to limit the penalty amount.

45.     The NYC Mandate, pursuant to k(1), allows a person to be issued a daily penalty, for at least a twelve-month period, of one-million eight hundred and eighteen thousand dollars; $1,818,000.00.

46.     The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. See Austin v United States, 509 US 602, 602, 113 S Ct 2801, 2802, 125 L Ed 2d 488 [1993]  (noting Court of Appeals' statement that " 'the government is exacting too high a penalty in relation to the offense committed' "); Alexander v. United States, 509 U.S. 544, 559, 113 S.Ct. 2766, 2776, 125 L.Ed.2d 441 (1993) ("It is in the

light of the extensive criminal activities which petitioner apparently conducted ... that the question whether the forfeiture was 'excessive' must be considered"). <u>United States v. Bajakajian</u>, 524 U.S. 321, 334, 118 S. Ct. 2028, 2036, 141 L. Ed. 2d 314 (1998).

47.     There is no basis in law or fact to potentially penalize an individual almost $2,000,000.00 without any legislative action and public scrutiny.  Such an Executive Order, without any Legislative action or review, is precisely the harm that the Excessive Fines Clause of both the State and Federal Constitutions were designed to prevent.

### iii.  THE NYC MANDATE UTILIZES "FINES, PENALTIES AND FORFEITURES" AS A PUNISHMENT FOR UNVACCINATED PERSONS AND THEIR EMPLOYERS THAT EMPLOY THEM

48.     It is important to note that, "The purpose of the Eighth Amendment, putting the Bail Clause to one side, was to limit the government's power to punish." See <u>Browning-Ferris Indus. of Vermont, Inc. v Kelco Disposal, Inc.</u>, 492 US 257, 257, 109 S Ct 2909, 2911, 106 L Ed 2d 219 [1989].  The NYC Mandate was enacted to punish persons who did not receive COVID-19 vaccines, for whatever reasons.  The NYC Mandate violates the Eighth Amendment due to the excessive fines it imposes as punishment for not complying and/or receiving the COVID-19 vaccination.

49.     The unilateral implementation of the NYC Mandate, without ability to challenge or any significant democratic input, is a clear violation of Due Process (as is described herein below) as there is no administrative method of challenging the validity or necessity of the NYC Mandate. In fact, the *Garvey* Court declared that the NYC Mandate violated the NYS Equal Protection Clause as the NYC Mandate is arbitrary and capricious.

### iv.  THE NYC MANDATE VIOLATES THE EIGHTH AMENDMENT BECAUSE IT IS CRUEL AND UNUSUAL

50.     The Eighth Amendment prohibits cruel and unusual punishment and applies to the states through the Due Process Clause of the Fourteenth Amendment. <u>Robinson v. California</u>,

370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).  Gillis v. Litscher, 468 F.3d 488, 491 (7th Cir. 2006).

51.     The Eighth Amendment's ban on inflicting cruel and unusual punishments, made applicable to the States by the Fourteenth Amendment, "proscribe[s] more than physically barbarous punishments." Estelle v Gamble, 429 US 97, 99, 97 S Ct 285, 288, 50 L Ed 2d 251 [1976]. It prohibits penalties that are grossly disproportionate to the offense, Weems v United States, 217 US 349, 360, 30 S Ct 544, 546, 54 L Ed 793 [1910], as well as those that transgress today's " 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v Gamble, 429 US 97, 99, 97 S Ct 285, 288, 50 L Ed 2d 251 [1976], quoting Jackson v Bishop, 404 F2d 571, 572 [8th Cir 1968].  Hutto v. Finney, 437 U.S. 678, 685, 98 S. Ct. 2565, 2570–71, 57 L. Ed. 2d 522 (1978).

52.     Here, in addition to potentially $2,000,000.00 in fines, Plaintiffs are facing loss of employment, along with their income, health insurance, pensions, and other benefits that they enjoy while employed at ConEd.  This penalty is grossly disproportionate to the offense and was determined to be arbitrary and capricious.

### B.    THE NYC MANDATE IS A DUE PROCESS VIOLATION UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

53.     In the landmark case of Matthews v. Eldridge, 424 U.S. 319 (1976), the Supreme Court of the United States articulated a three-part test for determining the adequacy of procedures given and the need for additional process. Under that test, courts must consider (1) the private interest affected by the government action; (2) the risk of erroneous deprivation of such interest through the procedures used and the probable value of other procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and

administrative burdens that additional or substitute procedural requirements would entail. Id. at 335.

54.     Further, as the Court of Appeals wrote in Morgenthau v. Citisource, Inc., 68 N.Y.2d 211, 508 N.Y.S.2d 152 (1986), "[w]e have long recognized that 'due process is a flexible constitutional concept calling for such procedural protections as a particular situation may demand' ... [,] and in determining whether [f]ederal due process standards have been met, we look to the three distinct factors that form the balancing test enunciated by the Supreme Court in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893 [1976]: '

55.     Here, the any penalties issued pursuant to §3.11 are to be heard by an Administrative Tribunal established by the Board of Health pursuant to §558 of the Mental Health and Hygiene Law.  These tribunals ("OATH") and their authorities are codified in §3.12 of the Mental Health and Hygiene Law and their enforcement provisions are maintained by the NYC Mandate.

56.     It should be noted that this tribunal, as codified, only has authority over "persons" deemed to have violated the NYC Mandate.  It makes no mentions of the penalties levied, pursuant to the NYC Mandate, against businesses penalized.  Therefore, companies such as ConEd, have no administrative remedy when issued a fine under the NYC Mandate and must therefore take the extreme measure of termination of Plaintiffs' employment in an effort to avoid penalties under the NYC Mandate. On its face, such inflexibility in the penalty process and its adjudication, violates the Due Process rights of the Plaintiffs.

57.     However, the OATH authority, and the power to render its decisions thereto, are codified in §3.12(d) and are deemed final.  There is no judicial oversight of OATH and its decisions in enforcement of the NYC Mandate.

58.     Therefore, the potential exists for an individual, who could receive almost $2,000,000.00 in penalties/fines under the NYC Mandate, to have the validity of such amounts, determined by politically appointed members of the Department of Health; rather than elected officials whose duty of loyalty is inherent in the nature of free and fair elections.

59.     The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. See also N.Y. Const. Art. 1, § 6.   Due process has both a substantive component and a procedural component. See Pabon v. Wright, 459 F.3d 241, 250 (2d Cir. 2006). The substantive component "protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense." Kaluczky v. City of White Plains, 37 F.3d 202, 211 (2d Cir. 1995). The procedural component ensures that a person is provided "constitutionally adequate procedures" before he is deprived of life, liberty, or property. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).   Thus, whereas "substantive due process considers the fairness of the underlying standard and not the adequacy of the procedures used to implement that standard," procedural due process is concerned with "the adequacy of the procedure, that is the hearing necessary to vindicate a substantive right." Nnebe v. Daus, 184 F. Supp. 3d 54, 61 (S.D.N.Y. 2016). Due process is "fully applicable to adjudicative proceedings conducted by state and local government administrative agencies." N.Y.S. Nat'l Ord. for Women v. Pataki, 261 F.3d 156, 163 (2d Cir. 2001).

60.     Here, we are discussing the unilateral Executive Order known as the NYC Mandate, which has not even passed the threshold of Legislative scrutiny.   When a penalty is contained in legislation and is reasonably or rationally related to a legitimate legislative goal, the challenge to the constitutionality of the law must be rejected. See Matter of G & C Transp., Inc. v McGrane, 97 AD3d 817, 819-820 [2d Dept 2012].

61.     Here, the Court does not have to apply such a standard as the NYC Mandate, and more specifically its penalty provision, was not afforded the legislative process contained in both the New York and United States Constitutions.

62.     In evaluating procedural due process, "the question a court must ask is whether the particular governmental entity provide adequate procedures for a party to challenge whether the applicable substantive standard has been met." Nnebe v. Daus, 184 F. Supp. 3d 54, 63 (S.D.N.Y. 2016).

63.     Defendants NYC, Mayor Adams, DOHMH and Chokshi, do not provide any notice or opportunity for Plaintiffs to be heard by a neutral decision maker if Plaintiffs and other NYC based employees are in violation of the NYC Mandate.

### C.  THE NYC MANDATE PENALTY PROVISION VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

64.     As determined in the *Garvey* case, the NYC Mandate violates the Equal Protection Clause of the New York State Constitution. Plaintiffs claim that the NYC Mandate also violates the Fourteenth Amendment to the U.S. Constitution's Equal Protection Clause. The NYC Mandate allows for exemptions that undercut its stated intention. More specifically, pursuant to §2.c. of the NYC Mandate, visiting sports teams, those seeking to use a bathroom and those who perform necessary (not emergency) repairs are exempted.

65.     The arbitrary nature of the NYC Mandate creates an equal protection issue on its' face. Under the NY Constitution Article 1, § 11, "No person shall be denied the equal protection of the laws of this state or any subdivision thereof." The purpose of this clause is to keep "governmental decision makers from treating differently persons who are in all relevant aspects alike." Nicholas v. Tucker, 114 F3d 17, 20 [2d Cir. 1997]. Where government action draws a distinction between classes of people, "the classification must be reasonable and must be based

upon some ground of difference that rationally explains the different treatment." <u>People v. Liberta</u>, 64 NY2d 152, 163 [1984]. Under the NY Constitution Article I, § 7, no person may be deprived of life, liberty, or property without due process of the law.

66.     The NYC Mandate treats individuals differently based on vaccination status assumes that the spread of the virus, its stated intention, will be achieved despite "necessary" repairs being completed by potentially unvaccinated individuals and whomever happens to be playing the Rangers, Nets and Knicks that evening (that may be unvaccinated), while imposing daily fines on the businesses in need of those "necessary repairs" and the patrons of those sporting events (and the "Home" team for failing to enforce the NYC Mandate).

67.     The New York State Supreme Court properly held that, "This Court finds that based upon the analysis above, the Commissioner's Order of October 20, 2021, violated the Petitioners' equal protection rights as the mandate is arbitrary and capricious. The City employees were treated entirely differently from private sector employees, and both City employees and private sector employees were treated entirely differently from athletes, artists, and performers. All unvaccinated people, living or working in the City of New York are similarly situated. Granting exemptions for certain classes and selectively lifting of vaccination orders, while maintaining others, is simply the definition of disparate treatment. Furthermore, selective enforcement of these orders is also disparate treatment." <u>Garvey v City of New York</u>, 2022 NY Slip Op 22335, 7 [Sup Ct Oct. 24, 2022]

68.     Here, the NYC Mandate delineated between athletes, performers, workers, residences, visitors, City workers and private citizens.  COVID-19 and all its variants have not made that distinction in its infections.

69.     Based upon the foregoing, the Defendants have violated the Plaintiffs Equal Protection Rights under the U.S. Constitution and the NYS Constitution.

### D.  DEFENDANTS OVERREACHED THEIR AUTHORITY AND VIOLATED THE SEPARATION OF POWERS

70.    Plaintiffs contend that the NYC Mandate was a legislative action disguised as an Executive Order and therefore should be deemed null and void.

> "The concept of the separation of powers is the bedrock of the system of government." *Matter of NYC CLASH, Inc. v. New York State Off. Of Parks, Recreation, and Historic Preserv.,* 27 NY3d 178, 183 [2016]. An administrative agency usurps the authority of the legislative branch when it promulgates a rule that the legislature did not delegate it the authority to make in the first instance. *Id.* at 178; *Greater New York Taxi Ass'n v. NYC Taxi and Limousine Comm'n.,* 25 NY3d 600, 609 [2015]. "Separation of powers challenges often involve the question of whether a regulatory body has exceeded the scope of its delegated powers and encroached upon the legislative domain of policy making." *Garcia v. NY City Dept. of Health & Mental Hygiene,* 31 NY3d 601, 608 [2018].

71.    To determine whether an administrative agency "has usurped the power of the Legislature, courts must consider whether the agency: (1) operated outside of its proper sphere of authority by balancing competing social concerns in reliance solely on its own ideas of sound public policy; (2) engaged in typical, 'interstitial' rulemaking or 'wrote on a clean slate, creating its own comprehensive set of rules without benefit of legislative guidance'; (3) 'acted in an area in which the Legislature has repeatedly tried- and failed- to reach agreement in the face of substantial public debate and vigorous lobbying by a variety of interested factions'; and (4) applied its 'special expertise or technical competence' to develop the challenged regulations." *See* Matter of Acevedo v. NYS Dept. of Motor Vehs.*,* 132 AD3d 112, 119 [3d Dept. 2015] *citing* Boreali v. Axelrod*,* 71 NY2d 1 at 12-14 [1987]. *(*Id.).

72.    The Legislative body of New York State did not pass a law concerning the NYC Mandate.

73.    The NYC Mandate is a creation of the Executive Branch under an "Emergency" that has continued in part and has expired in part based on the latest Executive Order.

74.    In *Garvey*, the Court states, "Finally, states of emergency are meant to be *temporary*. The question presented is whether the Health Commissioner has the authority to enact a permanent condition of employment during a state of emergency. This Court finds that the Commissioner does not have that authority and has acted beyond the scope of his authority under the Public Health Law and in violation of separation of powers. The Petitioners herein should not have been terminated for their failure to comply with the Commissioner's Order during a *temporary* state of emergency."

### E. THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S NYS CONSTITUTIONAL VIOLATIONS CLAIMS

75.    As plead in our Am. Compl., we request this court to exercise supplemental jurisdiction over our state claims pursuant to 28 U.S.C. §1367.

76.    Based upon the forgoing, the Defendants motion must be denied in its entirety.

Dated:  Mineola, New York
        November 14, 2022

By:                                              By:
_____/S_____                  _____/S_____
John A. Weber IV, Esq.                           Timothy B. Prakope, Esq.
NY Bar No.: 4793071                              NY Bar No.: 4846309
Law Firm of Vaughn, Weber & Prakope             Law Firm of Vaughn, Weber & Prakope
Attorney for Plaintiffs                          Attorney for Plaintiffs
393 Jericho Turnpike, Suite 208                  393 Jericho Turnpike, Suite 208
Mineola, New York 11501                          Mineola, New York 11501
Tel: (516) 858-2620                              Tel: (516) 858-2620
Fax: (516) 858-5975                              Fax: (516) 858-5975
JWeber@VaughnWeberLaw.com                        TPrakope@VaughnWebeLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    1:22-cv-616 (PKC)(PK)

MATTHEW RIVERA, et al.,


                              Plaintiffs,


            -against-


THE CITY OF NEW YORK, et al.,


                              Defendants,


MEMORANDUM OF LAW IN OPPOSITION


LAW FIRM OF VAUGHN, WEBER & PRAKOPE, P.L.L.C.
Attorneys for Plaintiff
Office and Post Office Address, Telephone
393 Jericho Turnpike, Suite 208
Mineola, New York 11501
(516) 858-2620


**Attorney Certification (Rule 130-1.1a)**

The undersigned, an attorney duly admitted to practice law in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the above referenced document(s) are not frivolous.


                                        /S
                                   JOHN A. WEBER IV, ESQ.

PLEASE TAKE NOTICE:

____ NOTICE OF ENTRY            that the within is a (certified) true copy of a      duly entered in the
                               office of the clerk of the within named                     court on
 20


____ NOTICE OF SETTLEMENT
                                      that an order      of which the within is a true copy will be presented
                               for settlement to the HON.                                one of the judges
of the within named                            Court, at
Dated: November 14, 2022       on      20    at      M


                         Yours, etc.
                         LAW FIRM OF VAUGHN, WEBER & PRAKOPE, P.L.L.C.